Buchanan Ingersoll & Rooney PC
Attorneys for Bank of America, N.A.
620 Eighth Avenue
23rd Floor
New York, New York 10018
Maureen T. Bass, Esq.
Cameron Grant, Esq.

IN THE UNTIED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------X

In Re:

JOSEPH F. UVINO
and
WENDY M. UVINO,

      Debtors.

-------------------------------------------------X

Hearing Date: November 12, 2009
Hearing Time: 10:00 a.m.

Chapter 11

Case No. 09-15225-brl

Hon. Burton R. Lifland

## MOTION OF BANK OF AMERICA, N.A. FOR RELIEF FROM THE AUTOMATIC STAY FOR REAL PROPERTY LOCATED AT 154 EAST SWAMP ROAD, EAST HAMPTON, NEW YORK

TO: HON. BURTON R. LIFLAND
   UNITED STATES BANKRUPTCY JUDGE

Bank of America, N.A., ("Bank of America"), by and through its attorneys, Buchanan Ingersoll & Rooney PC, submits its motion (the "Motion") for an order granting it relief from the automatic stay under section 362(d) of the United States Bankruptcy Code (the "Bankruptcy Code) in respect to real property commonly referred to as 154 East Swamp Road, East Hampton, New York (the "Mortgaged Premises"), together with such other and further relief as the Court deems just and proper. In support of its Motion, Bank of America represents as follows:

   1.  On August 27, 2009, Joseph and Wendy Uvino (the "Debtors") commenced this proceeding by the filing of a petition under chapter 11 of the Bankruptcy Code.

2. No trustee has been appointed and the Debtors continue to manage their affairs as Debtors-in-Possession.

3. A committee of unsecured creditors has not been formed as of the date of the Motion.

4. Bank of America seeks relief from the stay with respect to the Mortgaged Premises, which upon information and belief, is used by Debtors' as a vacation/rental home, as (1) the Debtors do not have equity in the Mortgaged Premises, and (2) the Mortgaged Premises is not necessary to an effective reorganization. Cause exists for terminating the automatic stay with respect to the Mortgaged Premises.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157 and § 1334. The statutory predicate for the relief sought herein is §§ 362(d)(3) & 362(d)(1) of the Bankruptcy Code and Rule 4001, 9014, and 7062 of the Federal Rules of Bankruptcy Procedure.

6. The venue is appropriate in this Court pursuant to 28 U.S.C. § 1408 and § 1409.

7. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

## FACTUAL BACKGROUND

8. Debtors' schedules reflect that they own three pieces of real property. Debtors' principal place of residence is apartment 22F at 50 East 89th Street, New York, New York.

9. Debtors also own the Mortgaged Premises. Bank of America has a first mortgage on the Mortgaged Premises. Bank of America's interest in the Mortgaged Premises is set forth in the Rule 4001 Affidavit of John Poirier, Assistant Vice-President of Bank of America (the "Poirier Affidavit.") The Poirier Affidavit is attached as Exhibit A.

10. On September 25, 2007, Debtors executed a Note in favor of City National Bank in the principal amount of $2,512,000 ("Note #1.") As security for Note #1, the Debtors granted the lender a mortgage on the Mortgaged Premises ("Mortgage #1.") On or about June 23, 2008, City National Bank assigned its rights under this Note and Mortgage to Bank of America ("Assignment.") Copies of Note #1, Mortgage #1, and the Assignment are attached as Exhibits B, C, and D, respectively.

11. On May 9, 2008, the Debtors executed and delivered a Note in favor of Bank of America in the principal amount of $638,000 ("Note #2.") Note #2 is secured by a mortgage on the Mortgaged Premises ("Mortgage #2.") A copy of Mortgage #2 is attached as Exhibit E.

12. On May 9, 2008, the Debtors executed a Consolidation, Extension and Modification Agreement ("Consolidation Agreement") in favor of Bank of America in the principal amount of $3,150,000, pursuant to which the two existing loans were consolidated and restated. A copy of the Consolidation Agreement is attached as Exhibit F. All defined documents will be hereinafter collectively referred to as the "Loan Documents."

13. The Debtors defaulted under the terms of the Loan Documents by (1) allowing mechanic liens to be placed on the Mortgaged Premises; and (2) failing to make payments as they became due.

14. The last payment made by the Debtors as required by the Loan Documents was in May of 2009. A title search completed at the request of counsel reveals that the following mechanics liens now exist on the Mortgaged Premises: Pools by Paul Guillo, Inc. ($14,932.13); Kolb Mechanical Corporation ($15,538.55); and Excelsior, P&H, Inc. ($6,177.92). A copy of the title search is attached as Exhibit G.

15. By Summons and Verified Complaint dated July 22, 2009, Bank of America commenced foreclosure proceedings on the Mortgaged Premises.

16. Post-petition defaults have also occurred, as the Debtors have failed to make post-petition payment.

17. As of September 10, 2009, the amount due and owning under the Loan Documents is as follows:

| | |
|---|---|
| Principal | $ 3,150,000.00 |
| Interest | $ 56,958.90 |
| **Total** | **$ 3,206,958.90** |

This amount does not include legal and other fees.

18. As set forth in Exhibit A, Bank of America retained Feld Appraisals to complete an appraisal on the Mortgaged Premises. A copy of the appraisal is attached as Exhibit H. As set forth in the appraisal, the Mortgaged Premises is worth $2,700,000. As the amount owing under the Loan Documents far exceeds the appraised value of the Mortgaged Premises, the Debtors have no equity in the Mortgaged Premises.

## STANDING

19. Section 362(d) of the Code allows a "party in interest" to request relief from the stay and as a secured creditor, Bank of America has standing to bring the Motion.

A. **RELIEF FROM STAY SHOULD BE GRANTED**

20. Section 362(d)(2) of the Bankruptcy Code provides:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay-

> (2) with respect to a stay of an act against property under subsection (a) of this section, if- (A) the debtor does not have an equity in such property; and (B) such property is not necessary to an effective reorganization.

21. The Mortgaged Premises is not necessary for an effective reorganization. The Mortgaged Premises is not the Debtors' principal home and as both Debtors are employed, the Debtors do not rely on income arising from the Mortgaged Premises. This vacation/rental home is not necessary to the Debtors' reorganization.

22. The Debtors have no equity in the Mortgaged Premises. Bank of America is owed $3,216,020.54 (exclusive of legal fees), and the most recent appraisal values the property at $2,700,000.

23. As the Debtors have no equity in the Mortgaged Premises and the property is not necessary for the Debtors' reorganization, cause exists for the terminating of the automatic stay with respect to the Mortgaged Premises so Bank of America may continue to enforce its state court remedies.

B. **RELIEF FROM STAY SHOULD BE GRANTED DUE TO THE DEBTORS' FAILURE TO PROVIDE ADEQUATE PROTECTION AND MAKE POST-PETITION PAYMENTS**

24. Section 362(d)(1) of the Bankruptcy Code provides that:

> On request of a party in interest and after notice and hearing, the court shall grant relief from the stay provided under Subsection (a) of this Section such as by terminating, annulling, modifying, or conditioning such stay:
>
> (1) For cause, including lack of adequate protection of an interest in property of such party in interest;

11 U.S.C. § 362(d)(1).

25. It is well-settled that failure to make post-petition payments constitutes cause for relief from stay under Section 362(d)(1). As set forth above, the Debtors have failed to make their September and October post-petition payments to the Bank of America. Moreover, upon information and belief, Debtors have failed to remain current on Town/School taxes on the Mortgaged Premises. Based on the foregoing, Bank of America lacks adequate protection and is entitled to relief from stay for cause.

**WHEREFORE**, Bank of America, N.A. respectfully requests that the Court enter an order granting it relief from the automatic stay so that it may pursue its state court remedies with respect to the Mortgaged Premises, together with such other and further relief as this Court deems just and proper.

Dated: October 16, 2009
New York, New York

Respectfully submitted,

**BUCHANAN INGERSOLL & ROONEY, PC**

By:  /s/ Maureen T. Bass
    Maureen T. Bass

Attorneys for Bank of America, N.A.
620 Eighth Avenue
23rd Floor
New York, New York 10018