The Law Offices of Avrum J. Rosen, PLLC
Attorneys for the Debtors
38 New Street
Huntington, New York 11743
Avrum J. Rosen
(631) 423-8527

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re:

JOSEPH F. UVINO AND WENDY M. UVINO,

        Debtors.
-------------------------------------------------------------x

Chapter 11
Case No.: 09-15225-brl

## DEBTORS' AMENDED PLAN OF REORGANIZATION

  The Debtors, JOSEPH F. UVINO AND WENDY M. UVINO, (the "Debtors") propose the following Plan of Reorganization (the "Plan") pursuant to Chapter 11 of the Bankruptcy Code, 11 U.S.C. Section 101 et. seq.

**1. DEFINITIONS**

  For purposes of this Plan, the following terms shall have the respective meanings as hereinafter set forth (such meanings to be equally applicable to the singular and plural forms of the terms defined, unless the context otherwise requires).

  1.1) <u>Administration or administrative claim or claims</u> - Any cost or expense of administration of the Chapter 11 case allowed under Section 503(b) of the Bankruptcy Code, including without limitation, any actual and necessary expenses of operating the business of the Debtors, and all allowances of compensation or reimbursement of expenses for legal or other professional services to the extent allowed by the Bankruptcy Court under Sections 327, 330, 331 and 503 of the Bankruptcy Code.

  1.2) <u>Allowed administrative or administration claim or claims</u> - All or that portion of any administrative or administration claim which is an allowed claim.

  1.3) <u>Allowed claim</u> - Any claim or portion of a claim (a) which is scheduled by the Debtors pursuant to Sections 521(1) and 1106(a)(2) of the Bankruptcy Code (other than a disputed claim); or (b) proof of which had been timely filed with the Bankruptcy Court pursuant to Section 501(a) of the Bankruptcy Code or on or before the date designated to the Court as the last date for filing Proofs of Claim, and with respect to which no objection to the allowance thereof has been interposed within the applicable period of limitation fixed by the Bankruptcy Code, Bankruptcy Rules or by an Order of the Court; or (c) which, after objection thereto, has

1

been allowed in whole or in part by a Final Order.

    1.4)    <u>Allowed priority claim</u> - All or that portion of an allowed claim entitled to priority under Sections 507(a)(3), (4), (6) and (8) of the Bankruptcy Code.  Except as may be allowed by the Court in the case of an Allowed Priority Claim under Section 507(a)(8) of the Bankruptcy Code, any interest on such claim which accrued after the filing date, shall be part of the allowed priority claim.

    1.5)    <u>Allowed secured claim</u> - All or that portion of any allowed claim that is secured by a valid enforceable lien on the property of the Debtors, to the extent of the value of such property, as determined by agreement between the Debtors and the holder of such allowed secured claim or by the Court by a Final Order pursuant to Section 506 of the Bankruptcy Code.

    1.6)    <u>Allowed unsecured claim</u> - Any allowed claim that is not an allowed administrative claim, an allowed priority claim or an allowed secured claim.  Interest accrued after the filing date shall be a part of any allowed unsecured claim.

    1.7)    <u>Deleted.</u>

    1.8)    <u>Available cash</u> - All cash of the Debtors, over and above the reserve fund, if any, on the distribution date or on any further distribution date.  Available cash shall include but not be limited to:  (a) any net proceeds recovered by the Debtors, of an avoided preferential transfer or fraudulent conveyance pursuant to the Bankruptcy Code and (b) any net proceeds recovered by the Debtors, from Insiders or any entity in which Insiders were or are affiliated, (c) any net proceeds realized from the sale or liquidation of the assets or property of the Estate or the Debtors, and (d) any additional sums contributed by the Debtors and available for distribution.

    1.9)    <u>Bankruptcy Code</u> - The Bankruptcy Reform Act of 1978 (11 U.S.C. Sections 101, <u>et</u>. <u>seq</u>.), as amended by the Bankruptcy Amendments and Federal Judgeship Act of 1984 (P.L. No. 98-353) and, as applicable to cases filed before its enactment, the Bankruptcy Reform Act of 1994 (P.L. 103-394), and, as applicable, the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 and Title 11 of the United States Code, as amended.

    1.10)    <u>Bankruptcy Rules</u> - The Rules of Bankruptcy Procedure as applicable to cases under Title 11 of the United States Code.

    1.11)    <u>Business day</u> - Any day other than a Saturday, Sunday or legal holiday as such term is defined in Bankruptcy Rule 9006.

    1.12)    <u>Chapter 11</u> - Chapter 11 of the Bankruptcy Code.

    1.13)    <u>Chapter 11 case</u> - In re: Joseph F. Uvino and Wendy M. Uvino, Case No.: 09-15225-brl, currently pending in this Court.

1.14) <u>Claim</u> - A claim against the Debtors as defined in Section 101(5) of the Bankruptcy Code.

1.15) <u>Claimant</u> - The holder of a claim.

1.16) <u>Class</u> - A class of holders of Allowed Claims described in sections 2 and 3 of this Plan.

1.17) <u>Confirmation</u> - Entry of an order by the Court approving the Plan in accordance with Chapter 11.

1.18) <u>Confirmation date</u> - The date upon which the Court enters an order confirming the Plan pursuant to Section 1129 of the Bankruptcy Code.

1.19) <u>Confirmation order</u> - The order entered by the Court confirming the Plan in accordance with Chapter 11.

1.20) <u>Consummation date</u> - The date on which the confirmation order becomes a final order.

1.21) <u>Court</u> - The United States Bankruptcy Court for the Southern District of New York or such other court as may have jurisdiction over the Debtors' Chapter 11 case.

1.22) <u>Creditor</u> - Any person having a claim against the Debtors that arose on or before the Petition Date or a claim against the Debtors' estate of a kind specified in Sections 502(g), (h) or (i) of the Bankruptcy Code.

1.23) <u>Debtors</u>- Joseph F. Uvino and Wendy M. Uvino.

1.24) <u>Disallowed claim</u> - Any claim or portion thereof that has been disallowed by the Court by a Final Order.

1.25) <u>Disputed claim</u> - (a) any Claim or portion of a Claim (other than an Allowed Claim) which is scheduled by the Debtors as disputed, contingent or unliquidated; or (b) a Claim which has been filed pursuant to Section 501(a) of the Bankruptcy Code as unliquidated or contingent; or (c) a Claim which has been filed pursuant to Section 501(a) of the Bankruptcy Code and as to which an objection to the allowance thereof has been interposed within the time limitation by the Bankruptcy Code and Bankruptcy Rules by an Order of the Court, or by this Plan, which objection has not been determined, in whole or in part by a Final Order.

1.26) <u>Distribution Date</u> - Shall refer to the date of the initial distribution which shall occur within ten (10) days of the Effective Date.

1.27) <u>Effective Date</u> - The date on which the confirmation order becomes a final order.

1.28)   Entity - Defined at Section 101(14) of the Bankruptcy Code.

1.29)   Exempt Taxes - Any and all stamp, transfer, mortgage recording, and other taxes to which the exemption contained in section 1146(a) of the Bankruptcy Code is applicable, including, without limitation, the New York State Real Estate Transfer Tax and Mortgage Recording Tax, and New York State and any County Sales Tax.

1.30)   Final Order - An order or judgment as to which order or judgment (or any revision, modification or amendment thereof) (a) the time to appeal has expired and as to which no appeal has been filed, or (b) an order or judgment which has been appealed, has been affirmed on appeal and as to which appeal the time for further appeal has expired.

1.31)   Further Distribution Date - The date distributions that are made subsequent to the distribution date defined above.

1.32)   Insider - Shall be defined at Section 101(31) of the Bankruptcy Code.

1.33)   Net proceeds - Shall refer to the gross proceeds actually recovered, less deduction for any and all reasonable costs and expenses, including but not limited to reasonable and necessary attorneys' fees.

1.34)   Petition Date - August 27, 2009, the date the Debtors filed a voluntary petition pursuant to Chapter 11 of the Bankruptcy Code.

1.35)   Plan - This Chapter 11 Plan of Reorganization as modified or amended from time to time as and to the extent permitted herein or by Bankruptcy Code.

1.36)   Professional person - Defined at Section 327(a) of the Bankruptcy Code.

1.37)   Property - shall refer to the Debtors' property as listed in its Schedules to its Bankruptcy Petition.

1.38)   Pro-rata - With respect to an amount of cash to be paid or distributed on a particular claim, the ratio, as of such date, of the then outstanding amount of such allowed claim of such claimant in the particular class, to the aggregate of allowed claims and disputed claims in the particular class.

1.39)   Reserve fund - Shall be a fund which shall be established by the Debtors after the confirmation date, which shall be equal to a sum sufficient to pay (i) disputed claims which would have been paid under the Plan but for the dispute as either claimed by the creditor or determined by the Court; and (ii) estimated fees of the Debtors' counsel, which will be incurred subsequent to the confirmation date.

1.40)   <u>Statutory Fees</u> - All fees and charges assessed against the Debtors' estate pursuant to Section 1930 of Title 28 of the United States Code.

**2.     CLASSIFICATION OF CLAIMS AND INTERESTS**

2.1)    The allowed claims against the Debtors are divided into the following classes:

Statutory Claims;
Allowed Administration Claims;
Class 1 - Allowed Secured Claim of Bank of America (East Hampton Property);
Class 2 - Allowed Secured Claim of Bank of America (Brooklyn Property);
Class 3 - Allowed Secured Claim of CitiMortgage;
Class 4 - Allowed Secured Claims based upon bonded Mechanic's Liens;
Class 5 - Allowed Secured Claim of Kolb Mechanical Corp.
Class 6 - Allowed Unsecured Priority Claims;
Class 7 - Allowed Unsecured Claims and
Class 8 - Equity Security Holders

**3.     TREATMENT OF CLAIMS**

3.1)    **STATUTORY CLAIMS:** The claims of the United States Trustee, pursuant to statute, 28 U.S.C. § 1930(a)(6) is included as a Statutory Claim. All outstanding quarterly fees and any applicable interest owed to the Office of the United States Trustee shall be paid in full on the Effective Date of the Plan. In addition, the Reorganized Debtors shall continue to incur and pay quarterly fees and any applicable interest until the entry of the "Final Decree" or dismissal or conversion whichever occurs first. Unpaid United States Trustee's fees accrue interest that is an expense of the Estate. The Debtors shall comply with the reporting requirements of the office of the United States Trustee until the entry of a Final Decree and shall file quarterly reports on January 15, April 15, July 15 and October 15 of each year until entry of a Final Decree.

3.2)    **ADMINISTRATION CLAIMS**    Upon the distribution date, or as soon thereafter as is practicable (and if such claim is for professional fees or expenses, upon a determination by the Court that such fees are reasonable and allowable), each holder of an Allowed Administration Claim shall be paid in cash in full in amount equal to 100% of each such allowed claim.

3.3)    **CLASS 1**    Class 1 consists of the Allowed secured claim of Bank of America in the amount of $3,189,698.63. Bank of America filed a bifurcated claim, which according to Proof of Claim No. 25 is for a secured claim in the amount of $2,700,000.00 and a general unsecured claim in the amount of $489,698.63, attaching its Motion for Relief from the Automatic Stay ("lift stay motion") in support of the bifurcated claim. At a hearing held in connection with the lift stay motion, the Court determined that Bank of America was oversecured. Ultimately, Bank of America withdrew its motion. The Debtors consent to lifting

5

the automatic stay and the permanent injunction in order to allow Bank of America to pursue its state court rights against the East Hampton property. Bank of America shall retain its rights under 11 U.S.C. § 363(k). The Debtors acknowledge that Bank of America is fully secured, however the Debtors reserve all of their rights to contest the amount of the claim. Bank of America shall retain whatever lien it had post-confirmation. This class is not impaired.

   3.4) **CLASS 2** Class 2 consists of the Allowed Secured Claim of Bank of America based upon Proof of Claim No. 8 filed with the Court in the amount of $501,534.24, as and for money loaned in connection with a mortgage with respect to premises known as 1221 80th Street, Brooklyn, New York (Block 6267, Lot 70). The Brooklyn property was sold and the mortgage was satisfied. In the event that Bank of America does not withdraw Proof of Claim No. 8, the Debtors will object to same. This class is not impaired

   3.5) **CLASS 3** Class 3 consists of the allowed secured claim of CitiMortgage in connection with 50 East 89th Street, Apartment 22F, New York, New York, a co-op apartment, in the amount of $722,924.00. The Debtors are current in their payments with CitiMortgage and will continue to make monthly mortgage payments. CitiMortgage shall retain its liens post-confirmation. This class is not impaired.

   3.6) **CLASS 4** Class 4 consists of the secured claims based on mechanics liens that have been bonded, to the extent that the claimant has recourse against the bond. There are five (5) claims in this class. J. Barrows, Inc. filed a secured proof of claim in the amount of $204,309.74. F. Schneider Construction Corp. filed a general unsecured proof of claim in the amount of $16,554.00; Pools by Paul Guillo, Inc. filed a general unsecured proof of claim in the amount of $14,932.13; J. L. Masonry and Construction Inc. filed a general unsecured proof of claim in the amount of $22,169.00; and Valdespino Custom Builders, Inc. filed a general unsecured proof of claim in the amount of $16,035.00. To the extent that the creditors that filed unsecured proofs of claim have recourse against their respective bonds, these creditors are secured to the extent of the bond. The Debtors dispute each of these claims that are the subject of litigation pending in the District Court for the Eastern District of New York. The Debtors have asserted counter-claims against the claimants. To the extent that the claims are allowed, they will be paid in full together with interest at the Federal Judgment rate in effect at the time of Confirmation or at Federal Judgment rate contained in any judgment that they may obtain against the Debtors. This class is not impaired.

   3.7) CLASS 5 Class 5 consists of the secured claim of Kolb Mechanical Corp. ("Kolb") based upon Mechanic's Lien dated August 20, 2008 to secure the payment of $15,538.55, Notice of Pendency filed against the East Hampton Property on August 21, 2009 in the Supreme Court of the State of New York, County of Suffolk in an action entitled *Kolb Mechanical Corp. v. Joseph F. Uvino, et al.*, Index No.: 09-33366 and Proof of Claim filed on October 30, 2009 with the United States Bankruptcy Court. The Debtors and Kolb have engaged in settlement discussions and reserve their state law rights to determine the amount of the Kolb lien. The Debtors consent to lifting the automatic stay to allow for a determination of the amount of the lien up to, but not including sale of the East Hampton Property. Kolb shall have an allowed

6

secured claim in an amount determined by the State Court or such other amount as is agreed to by the parties, from the sale proceeds of the East Hampton Property and shall retain its lien in the property and any proceeds. This class is impaired.

    3.8) **CLASS 6**    Class 6 consists of Allowed Unsecured Priority Tax Claims. There are three (3) claims in this class. These claims shall be paid in full amount over period of sixty (60) months from the Filing Date in equal monthly payments plus statutory interest, or the Debtors may at their election pay these claims on the Effective Date, and are set forth below:

    **a. Internal Revenue Service**: The Internal Revenue Service filed a proof of claim in the amount of $40,575.46 as a priority claim.

    **b. New York State Department of Taxation and Finance**: New York State Department of Taxation and Finance filed a proof of claim in the amount of $816.00 as a priority claim.

    **c. Franchise Tax Board:** Franchise Tax Board, Bankruptcy Section, California, has filed a priority claim in the amount of $5,917.64.

This class is not impaired.

    3.9)    **CLASS 7**    Class 7 consists of the Allowed Unsecured Non-Priority Pre-Petition Claims. Unless withdrawn, the Debtors intend to object to the claims of Lewis Brisbois, Bisgard & Smith LLP and East Hampton Fence, Inc. based upon the Debtors' books and records. To the extent that it is determined that the Debtors owe amounts to Zurich American Insurance Company which has filed an unliquidated claim, then they will pay those claims their *pro rata* distribution together with allowed general unsecured claims. Kolb Mechanical Corp. filed a secured proof of claim in the amount of $15,538.55, however the mechanics lien filed in the County of Suffolk has expired and the Kolb lien is not bonded.

| CREDITOR | NATURE OF CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT |
|---|---|---|---|---|---|
| City National Bank | Promissory note | | | | $664,764.22 |
| American Express Centurion Bank | | | | | $8,623.44 |
| Kolb Mechanical Corp. | Services performed | | | X | $15,538.55 |
| Starkman Electric | | | | | $7,165.32 |
| Roman Tile Inc. | | | | | $3,000.00 |
| Waldron Consulting LLC | | | | | $1036.75 |
| ECM-NY Architectural Hardware Ltd. | | | | | $8,063.78 |

| | | | | | |
|---|---|---|---|---|---|
| Zurich American Insurance Company | | | X | | $0 |
| Lewis Brisbois Bisgard & Smith LLP | | | | X | $7,568.18 |
| GE Consumer Finance for GE Money Bank dba Sleepy's/GEMB | | | | | $2,636.02 |
| Internal Revenue Service | | | | | $2,065.60 |
| DCFS USA LLC | Car lease | | | | $44,050.43 |
| HSBC Bank Nevada, N.A. | | | | | $741.81 |
| Citibank South Dakota NA | | | | | $24,629.04 |
| Kaehler Moore Architects, L.L.C. | Professional services | | | X | $20,539.61 |
| East Hampton Fence, Inc. | | | | X | $56,720.00 |
| Kasowitz, Benson, Torres & Friedman LLP | Services rendered | | | | $4,279.00 |
| David Lee Heller | | | | | $4,144.23 |
| Francise Tax Board | | | | | $420.08 |
| Bank of America | Credit Card- revolving account | | | | $116,863.00 |
| Bank of America | Credit Card-revolving account | | | | $99,276.00 |
| Bank of America | Revolving account | | | | $3,424.00 |
| Bank of America | Revolving account | | | | $2,697.00 |
| Citibank | Credit Card | | | | $22,368.00 |
| Citibank NA | Checking overdraft | | | | $10,789.00 |
| Davis & Grutman | Accounting Fees | | | | $2,752.64 |
| DLM Construction | Contracting Work | | | | $17,000.00 |
| Mt. Sinai Hospital | Medical services | | | | $1,113.21 |
| Receivable Management Services | Collection account for The Blaikie Group broker for Zurich NA | | | X | $7,412.00 |
| Tebbens Steel | Contracting Work | | | | $10,000.00 |
| Westhampton Glass | | | | X | $13,344.00 |
| Window City | | | | X | $1,200.00 |
| | | | | | **$1,182,159.30** |

The allowed general unsecured creditors shall receive 100% of their allowed claims payable at 20% of their allowed claim per year for five (5) years without interest. All allowed general unsecured creditors will have the option of taking a lump sum payment of 40% of their allowed claim on the Effective Date in lieu of 100% payment over five (5) years. This class is impaired and is entitled to vote under the Plan.

    **4.0)**   <u>**CLASS 8**</u>    Class 8 consists of the allowed equity interests of the Debtors Joseph F. and Wendy M. Uvino. The Debtors shall retain their interests in the property of the Debtors which property shall be re-vested in the Debtors upon Confirmation.

**4.**     <u>**MEANS FOR EXECUTION OF THE WITHIN PLAN**</u>

    4.1)    The Debtors shall effectuate the terms of the plan through an infusion of new cash from proceeds from the Debtors' wages and bonuses from Debtor Wendy M. Uvino together with $130,000 from settlement of Schindler Judgment (which amount funded administration costs) which amounts total after payment of administration costs, the sum of $150,000.00 together with amounts obtained as a result of the construction litigation, the arbitration over LBHI stock, from resolution of LBHI litigation and from the proposed sale of the East Hampton house.

**5.**     <u>**CLAIMS IMPAIRED BY THE PLAN**</u>

    5.1)    The claims in Class 5 and 7 are impaired.

**6.**     <u>**PROVISIONS CONCERNING DISTRIBUTIONS**</u>

    6.1)    <u>Manner of payments under the Plan.</u> Payments to be made pursuant to the Plan shall be made by check drawn on a domestic bank.

    6.2)    <u>Rounding to the nearest dollar</u>. Any other provision of the Plan to the contrary withstanding, no payments of portions of a Dollar will be made. Whenever any payment of a portion of a Dollar would otherwise be called for, the actual payment shall reflect a rounding of such fraction to the nearest whole Dollar (up or down).

    6.3)    <u>Unclaimed cash.</u> Except as otherwise provided herein, in the event any claimant fails to claim any cash within six (6) months from the date such cash is distributed, such claimant shall forfeit all rights thereof, and to any and all future payments, and thereafter the claim for which such cash was distributed shall be treated as a Disallowed Claim. In this regard, distributions to claimants entitled thereto shall be sent to their last known address set forth on a proof of claim filed with the Court or, if no proof of claim is filed, on the schedules filed by the Debtors, or to such other address as may be designated by a claimant in a writing delivered to the Debtors, with a copy to the Debtor's counsel at least one week prior to the distribution. All unclaimed cash shall be redistributed with the next distribution.

    6.4)    <u>Distributed payments or distribution</u>. In the event of any dispute between and among claimants (including the entity or entities asserting the right to receive the disputed payment or distribution) as to the right of any entity to receive or retain any payment or distribution to be made to such entity under the Plan, they may, in lieu of making such payment or distribution to such entity, make it instead into an escrow account or to a disbursing agent, for

payment or distribution as ordered by a court of competent jurisdiction or as the interested parties to such dispute may otherwise agree among themselves.

      6.5)   <u>Full and Final Satisfaction.</u>  All payments, distributions and transfers of cash or property under the Plan are in full and final satisfaction, settlement and release of all claims against the Debtors and the estate, its agents, professionals and employees of any nature whatsoever existing at the Confirmation Date. Except as otherwise provided in the Plan, the Confirmation Order or such other order of the Bankruptcy Court that may be applicable, on the latest to occur of (a) the Effective Date, (b) the entry of a Final Order resolving all Claims in the Chapter 11 Case and (c) the Final Distribution made to holders of Allowed Claims in accordance with the Plan, all Claims against the Debtors and Debtors in Possession, shall be discharged and released in full upon the completion of the payments under the Plan; <u>provided</u>, <u>however</u>, that, the Bankruptcy Court may, upon request by the Debtors, and notice and a hearing, enter an order setting forth that such Claims shall be deemed discharged and released on such earlier date as

determined by the Bankruptcy Court. All Persons and Entities shall be precluded from asserting against the Debtors, the Debtors in Possession, their successors or assigns, any other or further Claims based upon any act or omission, transaction or other activity of any kind or nature that occurred prior to the Confirmation Date, whether or not the facts or legal bases therefor were known or existed prior to the Confirmation Date regardless of whether a proof of Claim was filed, whether the holder thereof voted to accept or reject the Plan or whether the Claim is an Allowed Claim.

      Except as otherwise expressly provided in the Plan, the Confirmation Order or such other order of the Bankruptcy Court that may be applicable, all Persons or Entities who have held, hold or may hold Claims or any other debt or liability that is discharged, terminated or cancelled pursuant to the Plan are permanently enjoined, from and after the Effective Date, from (a) commencing or continuing in any manner any action or other proceeding of any kind on any such Claim or other debt or liability that is terminated or cancelled pursuant to the Plan against the Debtors' estate, or its properties or interests in properties, (b) the enforcement, attachment, collection or recovery by any manner or means of any judgment, award, decree or order against, the Debtors' estate, or their respective properties or interests in properties, (c) creating, perfecting, or enforcing any encumbrance of any kind against the Debtors, the Debtors-in-Possession, or against their respective property or interests in property, and (d) except to the extent provided, permitted or preserved by sections 553, 555, 556, 559 or 560 of the Bankruptcy Code or pursuant to the common law right of recoupment, asserting any right of setoff, subrogation or recoupment of any kind against any obligation due from the Debtors, the Debtors in Possession or the Reorganized Debtors, or against their respective property or interests in property, with respect to any such Claim or other debt or liability that is discharged that is terminated or cancelled pursuant to the Plan , in respect of: (i)any actions taken prior to Confirmation of the Plan; (ii)the Plan; (iii) the authorization for or the formulation, negotiation, confirmation or consummation of the Plan; (iv)distributions, payments or transfers made under and in accordance with the provisions of the Plan; or (v) acts performed pursuant to the Plan.

## 7.   TREATMENT OF EXECUTORY CONTRACTS AND LEASES

Any and all executory contracts or leases of the Debtors that are not expressly assumed herein, or in the Order confirming the Plan, or by the Order of the Bankruptcy Court prior to the Effective Date or pursuant to a proceeding or motion commenced prior to the Consummation Date, are hereby rejected pursuant to Section 365 of the Bankruptcy Code.  All executory contracts of the Debtors have previously been rejected.

## 8.   PROCEDURES FOR RESOLVING DISPUTED CLAIMS

8.1)   <u>The Time for Objections to Claims.</u>  Objections to Claims shall be filed by the Debtors with the Court and served upon each holder of each of the Claims to which objections are made not later than ten (10) days prior to the Confirmation Date or within such other time period as may be fixed by the Court, except that unless otherwise extended by Order of the Court, the Debtors may file an objection to the allowance of any Claim filed resulting from the rejection of an executory contract on the later of 45 days following the Confirmation Date or within 45 days after the filing of such Claim and service of a copy of such Claim upon the Debtors as provided for herein.   The Debtors do not anticipate filing any further objections to claims.

8.2)    <u>Resolution of Disputed Claims.</u>  Unless otherwise ordered by the Court, the Debtors shall litigate to judgment, settle or withdraw objections to Disputed Claim, in his sole discretion, without notice to any party in interest.

8.3)   <u>Administrative Bar Date.</u> The Debtors will be filing an application to set a date in which all administrative claims must be filed and approved by the Court.

8.4)   <u>Payments</u>.  Payments and distributions to each holder of a disputed claim that ultimately becomes an allowed claim by a Final Order of the Court shall be made in accordance with the Plan.  Such payments and distributions shall be made within thirty (30) days after the later of the Distribution date or the entry of a Final Order allowing such Claim.  Payments made in accordance with this section shall not include interest on the amount of such payment.

## 9.   DEFAULT

9.1)   Failure of the Debtors to make the cash distributions required under the Plan to any and all creditors within 30 days of the distribution date or failure of the Debtors to comply with any of the covenants or obligations contained in the Plan, which failure shall remain uncured for a period of ten (10) days after notice and an opportunity to cure, shall constitute a default under the Plan.  The foregoing shall not be construed to prevent the implementation of any modification of the Plan, in accordance with the provisions of the Bankruptcy Code.

## 10.   RETENTION OF JURISDICTION

10.1)   The Court shall retain jurisdiction of this Chapter 11 case pursuant to and for the purposes set forth in Section 1127(b) of the Code and:

(a)   to hear and determine all controversies concerning allowance of Claims;

(b)   to determine any and all applications for compensation for Professional Persons and similar fees;

(c)   to hear and determine any and all pending applications for the rejection or assumption or for the assumption and assignment, as the case may be, of executory contracts to which the Debtors is a party or with respect to which the Debtors may be liable, and to hear and determine, and if need be to liquidate, any and all Claims arising therefrom;

(d)   to determine any and all applications, adversary proceedings, and contested or litigated matters properly before the Court;

(e)   to modify the Plan pursuant to Section 1127 of the Bankruptcy Code or to remedy any defect or omission or reconcile and inconsistency in the Confirmation Order to the extent authorized by the Bankruptcy Code;

(f)   to hear and determine all controversies, suits and disputes, if any, as may arise in connection with the interpretation or enforcement of the Plan;

(g)   to hear and determine all controversies, suits and disputes, if any, as may arise with regard to orders of this Court in the Chapter 11 case entered on or before the Confirmation Date;

(h)   to hear and determine any and all controversies and disputes arising under, or in connection with, the Plan;

(i)   to adjudicate all controversies concerning the classification of any Claim or Stock Interest;

(j)   to liquidate damages in connection with any disputed, contingent or unliquidated Claims;

(k)   to adjudicate all Claims to a security or ownership interest in any property of the Debtors or in any proceeds thereof;

(l)   to adjudicate all claims or controversies arising out of any purchases, sales or contracts made or undertaken by the Debtors during the pendency of the Chapter 11 case;

(m) to recover all assets and properties of the Debtors wherever located, including the prosecution and adjudication of all causes of action available to the Debtors as at the Confirmation Date;

(n) to enter any order, including injunctions necessary to enforce the title, rights and powers of the Debtors and to impose such limitations, restrictions, terms and conditions on such title, rights and powers that the Court may deem necessary or appropriate;

(o) To enter a final Order or decree in the Debtors' Chapter 11 case and to enter an Order to reopen the case after all payments have been made under the Plan to move the have the Debtor's discharges issue; and

(p) to hear and determine adversary proceedings seeking the recovery of fraudulent conveyances, preferences or property or assets of the estate; and

(q) to make such orders as are necessary or appropriate to carry out the provisions of the Plan, including but not limited to orders interpreting, clarifying or enforcing the provisions thereof;

## 11.  MISCELLANEOUS PROVISIONS

11.1) <u>Payment Dates.</u>  If any payment or act under the Plan is required to be made or falls on a date which shall be a Saturday, Sunday or legal holiday, then the making of such payment or the performance of such act may be completed on the next succeeding business day, but shall be deemed to have been completed as of the required date.

11.2) <u>Notices.</u>  Any notice to be provided under the Plan shall be in writing and sent by certified mail, return receipt requested, postage pre-paid to Debtors' counsel by telefax; or by hand delivery, addressed as follows:

> Law Offices of Avrum J. Rosen, PLLC
> 38 New Street
> Huntington, New York  11743
> FAX # (631) 423-4536

All payments, notices and requests to Claimants, shall be sent to them at their last known address.  The Debtors or any Claimant may designate in writing any other address for purposes of this section, which designation shall be effective upon receipt, which receipt shall be deemed to be on the third business day after mailing.  Any payment required under the Plan shall be deemed to have been paid on the date when such payment is mailed.

11.3) <u>Professional Fees.</u>  Following the Confirmation Date, the estate of the Debtors

shall be responsible for payment, and shall pay reasonable compensation and reimbursement of expenses due to professionals retained by Debtors (the "Professionals"), for services rendered post-confirmation. Payment shall be made upon the submission of invoices, by the Professionals to the Debtors, within ten (10) days of receipt of the invoices, without approval or review by the Court, unless an objection is raised. The invoices shall be forwarded to the Office of the United States Trustee, unless all creditors have been paid in full. In the event an objection is raised, then appropriate applications for reimbursement shall be made to the Court and paid upon order of the Court.

      11.4)   Headings.   The headings used in the Plan are inserted for convenience only and are not to be deemed a substantive portion of the Plan nor in any manner are they to affect the provisions of the Plan.

      11.5)   Severability.  Should any provision in the Plan be determined to be unenforceable, such determination shall in no way limit or affect the enforceability or operative effect of any and all other provisions of the Plan.

      11.6)   Governing Law.   Except to the extent that the Bankruptcy Code is applicable, the rights and obligations arising under the Plan shall be governed by, and construed and enforced in accordance with, the laws of the State of New York.

      11.7)   Successors and Assigns.  The rights and obligations of any entity named or referred to in the Plan shall be binding upon and shall inure to the benefit of, the successors and assigns of such entity.

      11.8)   Re-vesting of Property upon Confirmation.  Upon the confirmation of this Plan, the Debtors shall be re-vested with legal and equitable title to his property and the property of the estate.

      11.9)   Outstanding Fees due to Office of United States Trustee.  Any outstanding fees due to the Office of the United States Trustee will accrue and be paid in full through the entry of a final decree.

Dated: Huntington, New York
       August 16, 2011

      By:  /s/ Joseph F. Uvino
           Joseph F. Uvino

      By:  /s/ Wendy M. Uvino
           Wendy M. Uvino

Dated: Huntington, New York
      August 16, 2011

                      The Law Offices of Avrum J. Rosen, PLLC

                      By:    S/Avrum J. Rosen
                             Avrum J. Rosen (AJR4016)
                             (a member of the firm)
                             Attorneys for the Debtors
                             38 New Street
                             Huntington, NY 11743
                             (631) 423-8527
                             ajrlaw@aol.com