The Law Offices of Avrum J. Rosen, PLLC
Attorneys for the Debtor and Debtor-in-Possession
38 New Street
Huntington, New York 11743
Avrum J. Rosen

UNITED STATES BANKRUPTCY COURT          HEARING DATE: **2/1/12**
SOUTHERN DISTRICT OF NEW YORK           TIME: **10:00 a.m.**
-------------------------------------------------------------X
In re:                                  Chapter 11

JOSEPH  F. UVINO AND
WENDY M. UVINO,                         Case No.: 09-15225-brl

                                 Debtors.          Hon. Burton R. Lifland
-------------------------------------------------------------X

## DEBTORS' REPLY TO THE LIMITED OBJECTION OF BANK OF AMERICA N.A. TO CONFIRMATION OF THE DEBTORS' SECOND AMENDED PLAN OF REORGANIZATION

TO:    **The Honorable Burton R. Lifland**
          **United States Bankruptcy Judge**

      Joseph F. Uvino and Wendy M. Uvino, the Debtors and the Debtors-in-Possession (the

"Debtors") in the above-referenced chapter 11 case, by their attorneys, the Law Offices of

Avrum J. Rosen, PLLC, as and for their Reply to the Limited Objection of Bank of America,

N.A. (õBOAö), to Confirmation of the Debtorøs Second Amended Plan of Reorganization,

respectfully represents to this Court as follows:

      1.      BOA raises several limited objections to the confirmation of Debtorsø Plan.

Before discussing those objections, it must be noted as to those items that BOA does not dispute.

BOA does not dispute that it is an over secured creditor on the East Hampton property.  BOA

does not dispute that other than those items that it has raised in the limited objection, that the

plan is feasible, and meets all the other requirements under § 1129 of the bankruptcy code.

      2.      As a result, the issues before the Court, are that BOA is not unimpaired under 11

USC § 1124 (1).  BOA is incorrect for several reasons.  First, § 1124 (1), speaks to the unaltered

legal equitable and contractural rights to which such <u>claim</u> or <u>interest</u> entitles to such holder of

such <u>claim</u> or <u>interest</u> (emphasis supply). The fundamental mistake made by BOA is that it fails to perceive the difference between the treatment on its secured claim, and any unsecured claim that it may have.

3.    BOA's position is that because the Plan only leaves it with its State Court remedies against the <u>property</u>, and not the Debtors on any deficiency claim, that it is impaired. However, any unsecured deficiency claim that it might have (and such claim is non-existent given the value of the property) is not part of its secured claim.  BOA's secured claim, relates to the property.  As a result, all of its State Court rights relating to the property are preserved.  None of the cases cited by BOA stand for a different proposition.

4.    Indeed, one of the main cases relied upon by BOA is *In re PPI Enterprises, Inc.,* 324 F.3d 197 (3d Cir. 2003), actually provides an additional reason why the secured claim of BOA is not impaired.

5.    In *PPI Enterprises*, the Third Circuit held that impairment of a creditor's state law contractural or other statutory rights, by virtue of other provisions of the Bankruptcy Code, did not constitute impairment under § 1124 (1).  In that case, a landlord was being paid in full on his lease rejection claim as limited by 11 USC § 502 (b) (6).  The landlord argued that he was impaired, because he was not being paid his full state law claim and that his vote against the plan should have been allowed by the Bankruptcy Court.  The Circuit Court disagreed and made clear that when rights are limited by other provisions of the Bankruptcy Code, that is not impairment under § 1124.  The impairment under § 1124 has to result from an impairment that arises under the terms of the plan.

6.    BOA's entire argument is based upon the fact that the plan leaves its rights to proceed against the property in State Court in place, but not to permit any deficiency judgment

against the Debtors.  This bar against proceeding against the Debtors does not arise from the

terms of the plan.  It arises from § 1141 (d) (1) (A) & (5) which grant a discharge upon

confirmation and compliance with a Plan of Reorganization.  As a result, the case cited by BOA

to support its position, actually is directly on point in supporting the Debtors' position that the

secured claim of BOA is not impaired.

7.      The next argument raised by BOA, borders on being frivolous.  BOA takes the

position that because the plan retains jurisdiction in this Court to object to the proof of claim

filed by BOA, that its state law rights have been impaired.  Of course, as a secured creditor, BOA

was under absolutely no obligation to file a proof of claim in this case pursuant to 11 USC § 506

(d) (2).  Nonetheless, having consented to the jurisdiction of this Court, BOA now wants to claim

that it is impaired, because the Debtors wish to utilize the forum which BOA chose, to determine

the propriety of the large attorney's fee claim generated by BOA's counsel in this case, and other

aspects of BOA's claim.  This objection must be overruled.

8.      BOA's next argument is that if it is impaired, then the plan cannot be confirmed

because the Debtors cannot meet the fair and equitable standard under 11 USC § 1129 in that

BOA is not being given the indubitable equivalent of its claim.  Again, BOA's argument is the

same, since it is being denied its right for a deficiency judgment, it is not the indubitable

equivalent.  Of course, the indubitable equivalent standard arises when a secured lender is

forcibly having collateral substituted by a debtor.  An instructive case in this regard is *In re*

*Michael George May* 174 B.R. 832 BCK (Sd. G.A. 1994), that case, in reviewing a survey of the

decisions on this issue the Court stated that:

> These decisions made clear that a debtor my substantively alter the rights
> that a secured creditor otherwise enjoys in its collateral under state law,
> as long as that creditor receives the "indubitable equivalent" of its
> secured claim."  "The principle that leaves parts of the bankruptcy

unaffected cannot be take literally..,í  and it is the law that, provided the plan of reorganization and gives the secured creditor the õindubitable equivalentö of its secured interest, the bankruptcy judge cannot force the creditor to accept the exchange. (citations omitted.)

9.      As this case makes clear, the inquiry, is again to the rights that a *secured creditor* holds in the collateral, not any other rights that it might have through a deficiency judgment. BOAøs rights to its collateral are not being affected.

10      This rationale coincides with the other requirement that a creditor not receive less than it would receive in Chapter 7 liquidation.  In such liquidation, BOA, would, have the right to seek relief from the automatic stay and to proceed on its State Court rights.  Assuming there was no successful objection to the Debtorsødischarge, and there has been no hint of such in this case, BOA would have the exact same rights given to it under the Plan.  It would have the right to foreclose its State Court rights, and it would have no right to a deficiency judgment against the Debtors, as they would have their discharge.  If the trustee abandoned the property, the Debtors would be free to defend the foreclosure.  If the trustee did not abandon the property, he or she would be free to defend the foreclosure.  It is respectfully submitted that BOA, if it were impaired, which it is not, would obtain the indubitable equivalent of its claim pursuant to the plan.

11.      Lastly, it must be noted that BOA misconstrues its options under the Plan.  The treatment on the vote that BOA takes under its secured claim, is separate and apart from its treatment given under the general unsecured claim.  It is the Debtorsøunderstanding that BOA would be free to either vote for or against the plan on its own secured claim, without having any affect on its vote under the secured claim.  If it were to vote for the plan under the secured claim, it would affect the distribution and its general unsecured claim.  The opposite is not the case.

12.      The Debtorsøpoint this out, because BOA is clearly trying to sabotage the

Debtors'plan by voting NO on its own unsecured claims (a ploy that would not work, because

sufficient ballots have already come in supporting the Plan for that class to have accepted it)

even though that class is being paid 100 cents on the dollar.

**WHEREFORE**, it is respectfully submitted that the Plan be confirmed and the limited

objection overruled, together with such other and further relief as to this Court seems just and

proper.

Dated: Huntington, New York
     January 18, 2012

          The Law Offices of Avrum J. Rosen, PLLC
          Attorneys for the Debtors

          BY:   S/Avrum J. Rosen
               Avrum J. Rosen (AJR4016)
               38 New Street
               Huntington, New York 11743
               631 423 8527
               ajrlaw@aol.com