UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

In re:                                                            Chapter 11

JOSEPH F. UVINO AND WENDY M. UVINO,                               Case No. 09-15225 (BRL)

                               Debtors.
----------------------------------------------------------------X

APPEARANCES:


THE LAW OFFICES OF AVRUM J. ROSEN, PLLC
38 New Street
Huntington, New York 11743
Telephone:    (631) 423-8527
Facsimile:    (631) 423-4536
By:    Avrum J. Rosen

*Attorneys for Joseph F. Uvino And Wendy M. Uvino*


KLESTADT & WINTERS, LLP
570 Seventh Avenue, 17th Floor
New York, NY 10018
Telephone:    (212) 972-3000
Facsimile:    (212) 972-2245
By:    Tracy L. Klestadt
       Fred Stevens
       Brendan M. Scott

*Attorneys for J. Barrows, Inc.*

Before: Hon. Burton R. Lifland
        United States Bankruptcy Judge


**MEMORANDUM DECISION AND ORDER GRANTING THE DEBTORS' MOTION
TO EXPUNGE GENERAL UNSECURED PORTION OF CLAIM NO. 10**

       Before the Court is the motion (the "Motion") of Joseph F. Uvino and Wendy M. Uvino

(the "Debtors"), pursuant to section 502 of the Bankruptcy Code (the "Code") and Federal Rule

of Bankruptcy Procedure ("Bankruptcy Rule") 3007, seeking to expunge the late-filed general

unsecured portion of Claim No. 10 filed by J. Barrows, Inc. ("Barrows").  The Debtors contend that the late-filed claim asserts a wholly new claim against the Debtors, and Barrows cannot evade the Bar Date (defined below) by simply calling the claim an "amendment."  Barrows counters that the claim relates back to, and merely amends, a timely-filed claim, and should therefore be allowed.  Upon consideration of the parties' submissions and oral arguments, the Motion is hereby GRANTED.

## BACKGROUND

The real question before the Court is whether a secured $204,309.74 bonded-mechanics lien claim can morph into a wholly different $992,420 claim, filed 20 months after expiration of the Bar Date and substantially after conclusion of the disclosure statement hearing.  The Court does not believe it can.

### I.  Dispute Between the Debtors and Barrows

Barrows was hired as the construction manager of the Debtors' property in East Hampton (the "Property") pursuant to a construction management contract and a trade construction contract (the "Contracts").  During construction, disputes arose between the Debtors and Barrows, resulting in Barrows filing a mechanic's lien (the "Mechanic's Lien") against the Property in the amount of $204,309.74.  On January 29, 2008, Barrows commenced an action in state court, alleging breach of contract by the Debtors relating to non-payment under the Contracts, and sought foreclosure on the Mechanic's Lien, accrued interest on the unpaid amounts from October 11, 2007, and costs and fees.  Barrows' lien was bonded by the Debtors on June 23, 2008 in the amount of $224,740.71 (the "Bond").  After filing for Chapter 11, the Debtors removed the action to the United States District Court for the Eastern District of New York (the "EDNY Action").  The Debtors disputed Barrows' claims in the EDNY Action and

asserted counterclaims against Barrows. Trial in the EDNY Action began on March 5, 2012. Neither side sought an adjournment of the hearing on the instant Motion.

II.   The Debtors' Chapter 11 and Barrows' Proofs of Claim

The Debtors filed for relief under Chapter 11 on August 27, 2009. On September 25, 2009, Barrows filed an unsecured proof of claim (the "Original POC"), designated as Claim No. 10 by the Debtors, for $204,309.74 based on "services performed." Copies of the Contracts and the complaint from the EDNY Action (the "Complaint") were attached to the Original POC. With regard to Claim No. 10, Barrows did not check the box (the "Box") that states "check this box if claim includes interest or other charges in addition to the principal amount of claim."

On October 27, 2009, Barrows filed a proof of claim (the "Second POC") amending its claim to a secured claim of $204,309.74 based on the Bond. Barrows, again, did not check off the "Box" indicating that it sought interest and fees.[1]

The Court entered an order dated November 30, 2009, establishing January 6, 2010 as the bar date (the "Bar Date") for filing proofs of claims. *See* Order Establishing Deadline for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof [hereinafter the "Bar Date Order"] (Dkt. No. 37). On July 7, 2011, the Debtors filed a proposed Chapter 11 plan and disclosure statement, *see* Dkt. Nos. 79, 80, which were amended on August 16, 2011, *see* Dkt. Nos. 92, 93. On August 23, 2011, the Court held a hearing to approve the Debtors' disclosure statement. The Court overruled certain objections and orally approved the disclosure statement pending minor modifications to be made by the Debtors.

On October 20, 2011, more than 20 months after the Bar Date, and after the confirmation process was at an advanced stage, Barrows filed its final proof of claim (the "Third POC"),

---

[1] The day after filing the Second POC, Barrows filed another amended proof of claim, in which the only change from the Second POC was to attach a copy of the Bond. For ease of reference, and because the amendments are essentially identical, these amendments are collectively referred to as the Second POC.

3

amending its secured claim to $224,740.71, the full amount of the Bond, and adding an unsecured leapfrog claim of $767,679.29 for interest and fees. Specifically, the claim seeks $204,309.74 for services performed and newly-sought $538,110.64 in pre-judgment interest thereon. In addition, the claim seeks $250,000 for fees in the EDNY Action based on a contingent contractual claim for indemnification. Barrows checked the "Box" with regards to its Third POC.

On October 27, 2011, the Debtors filed a second amended plan (the "Plan") and disclosure statement (the "Disclosure Statement"), which added Barrows' Third POC to the general unsecured class and incorporated the changes requested by the Court. *See* Dkt. Nos. 97, 98. In the Plan, the Debtors reserved their rights to object to the Third POC. The Court approved the Disclosure Statement by an order dated December 6, 2011. *See* Order (I) Approving Debtors' Second Amended Disclosure Statement; (II) Approving Solicitation Procedures and (III) Fixing the Date for a Hearing on The Confirmation of Debtors' Second Amended Plan of Reorganization (Dkt. No. 103). At the confirmation hearing, the Court determined that the Third POC was tardily filed with respect to Barrows' voting rights. *See* Order Confirming Debtors' Second Amended Plan of Reorganization (Dkt No. 125), p. 6. The Debtors now seek to expunge the general unsecured portion of Barrows' claim in its entirety.

### STANDARD FOR ALLOWANCE OF LATE CLAIMS

Section 502 of the Code governs the allowance of claims in bankruptcy. A proof of claim filed by a creditor is deemed allowed unless a party in interest objects to the claim. *See* 11 U.S.C. § 502(a). Once an objection is made, the court "shall allow such claim in such amount" except to the extent the claim falls within one of the exceptions listed in section 502(b) of the Code. *See* 11 U.S.C. § 502(b). Under section 502(b)(9), a claim must be disallowed, with

4

narrow exceptions not applicable to the instant Motion, if "proof of such claim is not timely filed." 11 U.S.C. § 502(b)(9). New claims filed after a bar date "will ordinarily be denied, even absent prejudice, unless the reason for the delay is compelling." *Midland Cogeneration Venture Ltd. P'ship v. Enron Corp. (In re Enron Corp.)*, 419 F.3d 115, 134 (2d Cir. 2005). In contrast, late-filed amendments to proofs of claim are freely allowed where it will not prejudice other parties. *Id.* at 133. These amendments, however, must be closely scrutinized to ensure that the amended claim is not an "attempt to file a new claim under the guise of amendment." *Id.* (citation omitted); *see Highlands Ins. Co., v. Alliance Operating Corp. (In re Alliance Operating Corp.)*, 60 F.3d 1174, 1175 (5th Cir. 1995) ("Bar dates . . . are not to be vitiated by amendments, and the courts must ensure that the amendments do not introduce wholly new grounds of liability."); *Unioil v. Elledge (In re Unioil, Inc.)*, 962 F.2d 988, 992 (10th Cir. 1992) ("The court should not allow truly new claims to proceed under the guise of amendment.").

A late-filed claim is deemed an amendment when it relates back to a "timely assertion of a similar claim or demand evidencing an intention to hold the estate liable." *In re Enron*, 419 F.3d at 133. In other words, a late-filed claim will be an amendment, rather than a new claim, when: (i) a timely filed claim puts the debtor on notice that a future claim will be asserted; and (ii) the late claim relates back to a timely-filed claim. A timely-filed claim provides notice when it apprises parties "of the existence, nature, and amount of the claim and that it was the creditor's intent, expressed in the original claim, to hold the estate liable for the claim later set forth in the amendment. *In re Matthews*, 313 B.R. 489, 493–94 (Bankr. M.D. Fla. 2004). A claim will relate back when it "1) corrects a defect of form in the original claim; 2) describes the original claim with greater particularity; or 3) pleads a new theory of recovery on the facts set forth in the original claim." *In re Enron*, 419 F.3d at 133 (internal quotations and

5

citations omitted). Ultimately, the decision to permit an amendment to a proof of claim "rests within the sound discretion of the bankruptcy judge." *In re McLean Indus. Inc.*, 121 B.R. 704, 708 (Bankr. S.D.N.Y. 1990).

## **DISCUSSION**

In the instant case, Barrows filed its Third POC on October 20, 2011, over a year and a half after the Bar Date of January 6, 2010. The Third POC would therefore be allowed only if the Second POC gave notice of it, and if it relates back to the Second POC. For the following reasons, the Court concludes that neither of these requirements was satisfied. Accordingly, the late-filed Third POC is hereby disallowed.

**I.    The Second POC Did Not Provide Notice of the Unsecured Claim in The Third POC**

Barrows failed to provide notice or evidence of its "intention to hold the estate liable" for interest or fees in its Second POC. *See In re Enron*, 419 F.3d at 133. Although approximately $250,000[2] of purported interest had accrued by the time Barrows filed its Second POC, it claimed only the $204,309.74 secured by a bond.[3] Further, Barrows failed to check the Box indicating that interest or other charges were to be included in addition to the principal amount of the claim. Finally, Barrows did not reserve its rights to assert an unsecured claim at a later date. As such, rather than put the Debtors on notice that it intended to enforce an unsecured claim at a future date, it is apparent from the Second POC that Barrows was seeking only the secured claim. *See In re McBride*, 337 B.R. 451, 460 (Bankr. N.D.N.Y. 2006).

---

[2] The Third POC sets forth, somewhat incredulously, that in just four years, $538,110.64 of interest, plus $250,000 in other fees, accrued on Barrows $204,309.74 claim. As the Third POC did not include an itemized statement of all interest that accrued, the Court reached the estimation of $250,000 by dividing the interest claimed by the years it accrued.

[3] The procedure for the filing of claims is governed by Bankruptcy Rule 3001 and the Bar Date Order states that proofs of claim "must conform substantially to Form No. 10." *See* Fed. R. Bankr. P. 3001(a); Bar Date Order, p. 2. Form No. 10 of the Official Bankruptcy Forms requires a creditor to specify whether the proof of claim includes "any interest or other charges in addition to the principal amount of the claim" and if so, to attach an "itemized statement of all interest or additional charges."

Moreover, the Second POC fails to give notice of the Third POC, as the disparity between the two claims is so great. It is often the case that a first claim does not give notice of a second claim when the disparity between the two claims is "dramatic." *See In re Stavriotis*, 977 F.2d 1202, 1205 (7th Cir. 1992) (upholding bankruptcy court's disallowance of an amendment to a claim because of the "dramatic increase in the claim amount which came as an unfair surprise to other creditors, and perhaps to the debtors"). In fact, when an amended claim increases a claim by a material amount it is, "in effect, a new claim" not entitled to be freely allowed. *In re Warkentin*, 461 B.R. 636 (citing *In re CF & I Fabricators of Utah, Inc.*, 148 B.R. 332, 343 (Bankr. D. Utah 1992). Here, the disparity between the claims is substantial; Barrows seeks to increase the timely filed proofs of claim by more than $750,000—an increase of over 350%. Accordingly, the Second POC failed to give notice that Barrows intended to hold the Debtors liable for an additional claim of $788,110.64.

Barrows unsuccessfully argues that the Original POC, which itself did not mention interest or fees, gave the Debtors notice of Barrows' intent to seek interest and fees by attaching the Complaint, wherein Barrows sought such relief. But the Original POC does not give notice of Barrows' additional claims because it was superseded by the Second POC, which did not contain a copy of the Complaint. Thus, the Debtor and other interested parties, would not look at the Original POC on the claims register, especially where, as here, the claim was amended from an unsecured claim to a secured claim in the exact amount. In addition, only the attached Complaint mentioned interest and fees, the Original POC, itself, did not. To find that an attachment to a superseded proof of claim put the Debtors on notice of Barrows' claims for interest and fees frustrates the efficiency of reorganization by requiring a debtor to laboriously review each attachment to every proof of claim ever filed and divine all possible claims or causes

of actions a claimant may have.

### II.     The Third POC Does Not "Relate Back" to the Second POC

Barrows' Third POC claim does not relate back to a timely-filed proof of claim because it does not (i) cure any technical defect that relates back to its original secured claim; (ii) plead a new theory on the same facts; or (iii) describe the earlier claim with greater particularity. Rather, Barrows seeks to supplement the Second POC, a secured claim based on a bonded mechanics lien, by adding an unsecured claim. But "[s]ecured claims are of an entirely different nature than unsecured claims, notwithstanding that both types of claims may arise from the same transaction. *In re Matthews*, 313 B.R. at 494. Therefore, Barrows' Third POC is "not considered an amendment, in the traditional sense, that is to be freely allowed." *Id.*

Allowing Barrows to proceed freely with the Third POC would eviscerate the "essential function" of the Bar Date. *In re Enron*, 419 F.3d at 127–28. Bar dates ensure the sound administration of a bankruptcy estate by "enabling the parties to a bankruptcy case to identify with reasonable promptness the identity of those making claims against the bankruptcy estate *and the general amount of the claims*, a necessary step in achieving the goal of successful reorganization." *Id.* (citing *First Fidelity Bank, N.A. v. Hookers Inv. Inc. (In re Hooker Invs., Inc.)*, 937 F.2d 833, 840 (2d Cir. 1991)) (emphasis added); *see Holstein v. Brill*, 987 F.2d 1268, 1270 (7th Cir. 1993) (explaining that bar dates promote finality and order in reorganizations by allowing debtors to concentrate on determining the validity of claims and providing for their payment once the bar date has passed). Here, Barrows filed its "amended" claim a year and a half after the Bar Date without providing a valid excuse for its delay. Barrows' contention that it was unable to include interest and fees in the Second POC because they continued to accrue and require liquidation in the EDNY Action is, at best, disingenuous. First, any purported interest that accrued prior to the filing of the Second POC could have been included in that claim. Any

8

interest that had not yet accrued is post-petition interest that Barrows, an unsecured creditor, is not entitled to collect. Either way, Barrows knew the total interest it could legally claim by the time it filed the Second POC and should have included such amounts in the claim. Second, Barrows found a way to file the Third POC despite the fact that nothing has been liquidated in the EDNY Action; Barrows should have done the same prior to the Bar Date. As such, at the time it filed its Second POC, Barrows knew its purported unsecured claims existed, but chose to remain silent. Barrows cannot now profess shock that the Court does not sanction adding such claims 20 months after the Bar Date, especially when Barrows did not seek the unsecured portions of its claim until after there was substantial movement towards confirmation of the Debtors' Chapter 11 plan. *See Stavriotis*, 977 F.2d at 1206–07; *see also In re Drexel Burnham Lambert Group Inc.*, 129 B.R. 22, 26 (Bankr. S.D.N.Y. 1991) (disallowing a late-filed claim because "[c]omplex and exhaustive negotiations have been taking place" and "[a]bsent finality, reorganization would be impossible"). The Third POC is nothing more than a back-door attempt to escape the Bar Date and must be disallowed.

## CONCLUSION

For the reasons set forth above, the Debtors' Motion to expunge the late-filed general unsecured portion of Claim No. 10 is hereby GRANTED.

**IT IS SO ORDERED.**

Dated: New York, New York　　　　　　　　　　/s/ Burton R. Lifland         
　　　　March 14, 2012　　　　　　　　　　　　United States Bankruptcy Judge

9