The Law Offices of Avrum J. Rosen, PLLC
Attorneys for the Debtors
38 New Street
Huntington, New York 11743
Avrum J. Rosen
Deborah L. Dobbin
(631) 423-8527

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT | Return Date: May 23, 2012 |
| SOUTHERN DISTRICT OF NEW YORK | Time:         10:00 a.m. |

---------------------------------------------------------x
In re:

    JOSEPH F. UVINO and                     Chapter 11
    WENDY M. UVINO,                       Case No.: 09-15225-brl

                            Debtors.
---------------------------------------------------------x

## APPLICATION FOR AN ORDER MODIFYING
## DEBTORS' SECOND AMENDED PLAN OF REORGANIZATION

To:    Honorable Burton R. Lifland
        United States Bankruptcy Judge:

The application (the "Application") of Joseph F. Uvino and Wendy M. Uvino, the Debtors ("Debtors") herein, by their counsel, The Law Offices of Avrum J. Rosen, PLLC, for an Order modifying the Debtors' Second Amended Plan of Reorganization to provide for quarterly payments to general unsecured creditors electing to take a 100% distribution over five (5) years, respectfully sets forth and represents as follows:

    1.    The Debtors filed a voluntary petition for relief from their creditors pursuant to chapter 11 of the Bankruptcy Code on August 29, 2009. No trustee, examiner or official committee of unsecured creditors has been appointed in this case.

    2.    By Order dated February 15, 2012, a copy of which is annexed hereto as "Exhibit A", this Court confirmed the Debtors' Second Amended Plan of Reorganization (the "Confirmation Order").

    3.    The Debtors' Second Amended Plan of Reorganization (the "Plan"), a copy of

which is annexed hereto as "Exhibit B", provided that Debtors shall effectuate the terms of the plan through an infusion of new cash from proceeds from the Debtors' wages and bonuses from the Debtor Wendy M. Uvino together with $130,000.00 from settlement of a judgment entered against Randy Schindler (which amount funded administration costs) which amounts total after payment of administration costs, the sum of $150,000.00, together with amounts to be obtained as a result of the construction litigation as more fully described in the Second Amended Disclosure Statement, the arbitration over LBHI stock which dispute has been settled resulting in the sum of $150,000.00 to the Estate, from resolution of LBHI litigation in an amount between $75,000.00 to $100,000.00, and from a proposed sale of the East Hampton house which has an estimated value of $4.450 million, and the distribution on claims in the LBHI case in the approximate sum of between $100,000.00 to $150,000.00.

4. Since the entry of the Confirmation Order, a trial was held in connection with the construction litigation pending before Senior Judge Lenoard D. Wexler in the United States District Court on March 16, 2012. A copy of which Minute Entry is annexed hereto as "Exhibit C", wherein the jury found as follows:

"Jury finds in favor of JBI (J. Barrows, Inc.) in the amount of $47,233. Jury finds in favor of the Uvinos in the amount of $317,840. General Damages and Consequential Damages in the amount of $83,788. against JBI. Jury finds in favor of the Uvinos in the amount of $63,191. General damages against KMA (Kaehler Moore Architects); Jury finds in favor of deft Hampton; Jury finds in favor of the Uvinos in the amount of $51,231.04; & KMA did not prove breach of contract claim against the Uvinos."

5. Subsequent to the trial numerous post-trial motions were filed. A copy of the Summary of ECF Activity is annexed as "Exhibit D" indicating that counsel for J.

        Barrows and filed a motion for attorneys fees, the Debtors filed motions for a new trial, and Kaehler Moore Architects filed a cross-motion for attorneys fees, which motions now further delay the payment of any monies to the Debtors.

6.     In addition, since the entry of the Confirmation Order, the LBHI litigation has been settled for the sum of $87,500.00, which funds may not be available before the Effective Date of the Plan.

7.     In negotiating the settlement agreement with LBHI, counsel for LBHI advised that it would be objecting to the claims filed by the Debtor Wendy Uvino, a former employee of LBHI, filed by her in connection with the LBHI bankruptcy proceedings as and for her deferred compensation claim and priority wage claim. As such, the funds that were originally anticipated to be recovered as a distribution in the LBHI case in the approximate sum of between $100,000.00 to $150,000.00 are subject to a claims objection to be filed by LBHI. This, at the very least, will delay the distribution of those claims.

8.     Moreover, the bonus anticipated by Wendy Uvino as a lump sum distribution is being paid in installments over time. The total $165,000.00 bonus is paid as units of stock at 2.362 euros as follows: $48,000.00 to be paid in March 2012; 14,537 units payable in October 2012 (equal to approximately $48,000.00), 8220 euros in March 2013, 2014 and 2015 and 3480 units in October 2013, 2014, 2015. Thus, what was originally expected to be paid in a lump sum, is now being paid over the next three years with $48,000.00 immediately available and an additional $48,000.00 paid in October 2012. The balance will be paid out as set forth above.

9. Paragraph 3.9, of the Plan provides that Class 7 general unsecured creditor shall be paid a total payment 100% of their allowed claims payable at 20% of their allowed claim per year for five (5) years without interest. All allowed general unsecured creditors (Class 7) had the option of taking a lump sum payment of 40% of their allowed claim on the Effective Date in lieu of 100% payment over five (5) years.

10. The following creditors elected to take a 100% distribution over 5 years: (1) J. Barrows, who filed a late proof of claim, which claim was excluded for voting purposes at the hearing on confirmation held before the Court on February 1, 2012, and which general unsecured claim was subsequently expunged by Order dated March 14, 2012; (2) Bank of America, N.A. on their $116,863.00 claim; (3) Bank of America, N.A. on their $99,276.00 claim; (4) Bank of America, N.A. on their $3,424.00 claim; (5) Bank of America, N.A. on their $2,697.00 claim; (6) City National Bank on their $664,762.22 claim; and (7) Tebbens Steel on their $10,000.00 claim. Creditor Citicorp made neither election on their $25,621.91 claim, and will therefore paid 100% distribution over 5 years.

11. The total amount needed as and for those creditors who have elected a 100% payment over five (5) years at 20% per year, is the sum of $922,644.13, which amounts to $184,528.82 per year for five (5) years.

12. Based on the status of the pending construction litigation, the anticipated objections to claims in the LBHI case, the delay in obtaining settlement proceeds from the LBHI litigation and the fact that Wendy Uvino's bonus is being paid over the next three (3) years, rather than in a lump sum as previously anticipated,

the Debtors now move for an Order modifying the plan to provide for twenty (20) quarterly payments each in the sum of $46,132.21 rather than annual payments of $184,528.82 per year for five (5) years.

13. As this Motion does not raise any novel or complex issues of law, the Debtors respectfully requests that this Court waive the requirement that a separate memorandum of law be filed in support hereof.

**WHEREFORE,** the Debtors respectfully request the entry of an Order modifying the Debtors' Second Amended Plan of Reorganization to provide for quarterly payments to general unsecured creditors electing to take a 100% distribution over five (5) years, together with such other and further relief as to this Court appears just and proper.

Dated: Huntington, New York
May 1, 2012

        The Law Offices of Avrum J. Rosen, PLLC
        Attorneys for the Debtors

        BY:    S/Avrum J. Rosen
                 Avrum J. Rosen
                 38 New Street
                 Huntington, New York 11743
                 (631) 423-8527
                 ajrlaw@aol.com