STAMELL & SCHAGER, LLP
ATTORNEYS AT LAW
555 FIFTH AVENUE, 14TH FLOOR
NEW YORK, NEW YORK 10017

WRITER'S E-MAIL:
schager@ssnyc.com

WRITER'S DIRECT DIAL:
(212) 566-4057

TELEPHONE (212) 566-4047
FACSIMILE (212) 566-4061

September 26, 2014

Michael C. Manniello, Esq.
Peter T. Roach & Associates, P.C.
125 Syosset Drive, Ste. 105
Syosset, NY 11791

Re:   **Joseph F. Uvino and Wendy M. Uvino**
      **SDNY Chapter 11 / 09-15225 (CGM)**

Dear Mr. Manniello:

I write to move forward with the dialogue we started after appearing before Judge Morris on September 18. After reviewing what City National Bank ("CNB") has filed with the Bankruptcy Court and the Uvinos' files, the Uvinos question the validity of the Promissory Note for $664,852. CNB's documents also indicate that it collected payment on a Promissory Note in the amount of $488,000, five months after it declared the Note satisfied and filed a satisfaction of mortgage, and that CNB should refund the second payment on this note to the Uvinos.

These conclusions are based on the documents currently available to the Uvinos. After the hearing you and I agreed that you would arrange for CNB to furnish us with copies of documents from CNB's loan files, and I have set forth below the documents the Uvinos believe are necessary.

Account 716393, Note No. 4 for $664,852

The $664,852 Promissory Note at issue is dated August 5, 2008, and has a maturity date of September 30, 2008, a term of just eight weeks. The obligation is described as Note No. 4 on Account 716393. The Uvinos have no recollection of the execution of this eight-week Note or the circumstances surrounding it. The Uvinos believe this Note may actually represent obligations that were refinanced in October 2007. As discussed below, in that refinancing Account 716393 was to have been closed and all amounts were to have been refinanced with a new Promissory Note, issued on Account 712207, and secured by a mortgage.

Michael C. Manniello, Esq.
September 26, 2014
Page 2

In September 2007, Account 716393 had a principal amount open of $2,520,792. The obligation, which CNB described as Note No. 3 on Account 716393, was unsecured. At that time the Uvinos also had a Promissory Note outstanding in the amount of $488,000 ("First Secured Note"), which was CNB's loan to finance the Uvinos' purchase of unimproved property in Suffolk County, New York. The First Secured Note was secured by a mortgage on the property. CNB described this obligation as Note No. 4 on Account 712207.

In October 2007 CNB refinanced the unsecured Note No. 3 in Account 716393 with a new Note, which it described as Note No. 73093 on Account 712207 (the "Second Secured Note"). This Second Secured Note was in the amount of $2,512,000, and was secured by a mortgage for that amount. According to an "Amended Payoff Statement" CNB presented in May 2008, that mortgage was recorded at "Liber M00021638, Page 334 in the official records of New York, New York County" on November 28, 2007. (We believe CNB's reference to New York County is in error and the correct county was Suffolk. The Liber reference may be 21639 – the photocopy is not clear. In both cases the loan file should clarify.)

The purpose of the refinancing was to provide security for the obligations outstanding on Account 716393 and to reduce the interest rate the Uvinos were paying CNB -- the $2,520,792 obligation for construction financing previously shown on Account 716393 was now the Second Secured Note for $2,512,000 secured by a mortgage. Between the two Secured Notes, Account 712207 was described as having a balance of $3,000,000.

The Uvinos believe the October 2007 refinancing satisfied any open obligation of the Uvinos on Account 716393 – the purpose of the refinancing was to lower the interest rate on the Uvinos' outstanding obligations to CNB by securing the two notes with mortgages on the property, which by that time was improved property.

Accordingly, the Uvinos request

1. the original of the Note, and

2. the other documents in CNB's loan files for Account 716393, which should indicate the source of the obligation and use of any funds advanced, and should explain why a Note of this short duration was used after the Account was to have been closed.

Account 712207, Note No. 4 for $488,000 and Note No. 73093 for $2,512,000

The Uvinos also question a payment demand CNB made on Bank of America at the time of the May 2008 refinancing, for the First Secured Note discussed above, Note No. 4 on Account 712207 in the amount of $488,000. The reason for this is that on November 20, 2007, shortly after the October 2007 refinancing described above, CNB executed a Satisfaction of Mortgage for the mortgage securing Note No. 4 for $488,000. A copy of the Satisfaction is attached (under

Michael C. Manniello, Esq.
September 26, 2014
Page 3

CNB's March 20, 2008 letter to the Uvinos) as Exhibit 1 – the date of execution of the Satisfaction is noted in the acknowledgement. The attached Recording Page of the Suffolk County Clerk indicates it was recorded on January 25, 2008. The Satisfaction acknowledges that CNB "has received full payment and satisfaction" of "an indebtedness in the amount of $488,000" and in consideration thereof did "hereby discharge said mortgage."

In May 2008 the Uvinos refinanced their CNB obligations with Bank of America. On May 6, 2008, CNB presented an "Amended Payoff Letter." It demanded payment of $3,000,000, but that letter tendered only the second mortgage of $2,512,000, since the mortgage for the First Secured Note (the remaining $488,000) had been declared satisfied and a Satisfaction of the Mortgage had been filed five months earlier. A copy of this Amended Payoff Letter is attached as Exhibit 2 and indicates that CNB collected the $488,000 from Bank of America at that time.

Accordingly, in light of an apparent double payment of the First Secured Note for $488,000, the Uvinos request

3. the originals of the First and Second Secured Notes,

4. the Satisfactions of mortgage, and

5. the other documents in CNB's loan files for Account 712207 regarding payments and discharge of the two Secured Notes and the satisfaction of the two mortgages,

6. which request will include the documents in CNB's files from the May 2008 refinancing with Bank of America, and an explanation of why CNB demanded payment of an amount that included the $488,000 obligation it previously had acknowledged as satisfied.

\* \* \* \* \* \* \*

I look forward to discussing these issues with you after you have had an opportunity to speak with your client.

Sincerely yours,

Richard J. Schager, Jr.

RJS/kr
Enclosure