UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------X
In re:                                                                    **AFFIRMATION IN REPLY**

JOSEPH F. UVINO AND WENDY M UVINO
                                                                                CHAPTER 11
                                                                                CASE NO. 09-15225-CGM


           Debtor.
-------------------------------------------------------X

      MICHAEL C. MANNIELLO, an attorney duly admitted to practice before this Court, affirms under penalty of perjury as follows:

      1.      I am associated with PETER T. ROACH AND ASSOCIATES, P.C., the attorney for City National Bank (hereinafter "Applicant"). I have reviewed the file maintained by this office and based on the documents, pleadings, notes and other memoranda contained therein I am familiar with the proceedings heretofore had herein.

      2.      I make this affirmation in reply to the Debtors' Opposition to Applicant's motion for relief in the form of a money judgment against them and in further support of the motion.

      3.      It is the record before the Court that controls, not Debtors' conjecture, characterizations of Applicant, or presumptions of Applicant's motivation – which is nothing more than seeking the relief to which it is entitled due to Debtors' default in performing under the Plan.

      4.      Debtors not only oppose Applicant's claim for relief, but also believe that they are somehow entitled to re-litigate issues which were finally determined upon confirmation of the Chapter 11 Plan and the subsequent amendments thereto (the Plan). The re-opening of the case, which has occurred, does not automatically lead to re-litigation of the confirmed Plan. At this

juncture, all the Debtors have done is oppose Applicant's motion for a money judgment - which was based upon Debtors' default in making the Plan payments. Debtors mistakenly believe that the motion practice now before the Court somehow entitles them to discovery relating to defenses that they claim to have against confirmation of the Plan which occurred over 2 and a half years ago on May 15, 2012. Those purported disputes go back to events as far back as 2007. The affidavit of co-debtor Joseph Uvino, an attorney himself, essentially sets out a scenario where he and the Co-Debtor permitted Applicant to collect over $488,000 of monies it was entitled to and that the Debtors executed promissory notes totaling nearly a million dollars that they now cannot recall.

5. It is respectfully submitted that Applicant's entitlement to relief must be considered in light of the confirmed Plan which must be given *res judicata* effect unless and until the Plan is affected by a further Order of the Court. Debtors have neither demonstrated entitlement to modify the Plan in any way nor applied for that relief. The Plan was the result of significant litigation prior to confirmation and was amended not once but twice thereafter. Debtors' were represented by competent counsel throughout the proceedings. The Chapter 11 Plan must be given preclusive effect. [*Sure-Snap Corp. v. State Street Bank & Trust Co.*, 948 F.2d 869, 1991 U.S. App. LEXIS 26535 (2d Cir.1991)].

6. Neither the validity of the Plan nor the circumstances leading up to confirmation of the Plan are currently before the Court for adjudication. The Debtors' default in making payments and the relief to which Applicant is entitled due to that default is what is before the Court. No discovery is necessary prior to determination of the application at bar; Debtors' are not entitled to discovery on issues which either have already been finally adjudicated. Applicant

2

Contrary to Debtors' assertions Applicant has not conceded that discovery is necessary. What is before the Court is whether or not Debtors' are in default as alleged in Applicant's moving papers. Debtors present no argument challenging that fact.

      7.      Under Debtors' interpretation of hat should be permitted in the case at bar, any Debtor not satisfied with the result of a confirmation can sit idly by, default on the plan years later, and only then raise arguments that, for no valid reason, were not raised during the confirmation process. Debtors' counsel states that "Debtors are in compliance with all other aspects of their Second Amended Plan … and no other creditor has joined in CNB's current efforts." (See Affirmation in Opposition at par. 6). Does that mean Debtors' have been paying all creditors under the Plan except for Applicant (whose approved claim is 72% of the total claims approved) or that except for making the required Plan payments to all their creditors, the Debtors are in compliance with "all other aspects of their Second Amended Plan."?

      WHEREFORE, City National Bank should be afforded the relief which it has sought due to Debtors' default in performing under the Plan, a money judgment for the amount of the payment arears as of the date of issuance of the judgment requested, together with such other and further relief as the Court deems just, proper and equitable.

Dated:  Syosset, New York
          December 17, 2014

                                    /s/ Michael C. Manniello
                                    Michael C. Manniello (11-3410831)