UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X

In re:                                                     Case No. 09-15225 (CGM)

JOSEPH F. UVINO and WENDY M. UVINO,                        Chapter 11

                            Debtors.
-----------------------------------------------------------------X

### ORDER DENYING MOTION TO COMPEL PAYMENT
### AND CLOSING CHAPTER 11 CASE

Lakeland Capital West XI, LLC ("Lakeland"), having filed a Motion (the "Motion") [Dkt. No. 244], in the above-referenced case ("Case") of Joseph F. Uvino and Wendy M. Uvino (together, the "Debtors"), seeking to compel payment of an alleged deficiency claim pursuant to a confirmed plan of reorganization and seeking to amend Lakeland's proof of claim (the "Amended Claim"); and the Debtors having filed an objection to Lakeland's Amended Claim and having opposed the Motion (the "Objection") [Dkt. No. 251]; and Lakeland having filed a Reply to the Objection (the "Reply") [Dkt. No. 256]; and a hearing having been held before the Court on February 22, 2018 (the "Hearing"); and Lakeland and the Debtors having appeared by counsel, Cooper J. Macco of Macco & Stern, LLP and Leslie Ann Berkoff of Moritt Hock & Hamroff LLP, respectively, and presented oral argument on the Motion, Objection and Reply; and based upon the complete record of the Case and all prior filings herein, and just and sufficient cause existing, and the Court having issued a detailed ruling on the record at the Hearing; now therefore:

**IT IS HEREBY FOUND AND DETERMINED, *INTER ALIA*, THAT:**

1.       The Debtors' Case having been fully administered and subsequently closed by a

Final Decree signed by this Court on March 22, 2016 (the "Final Decree") [Dkt. No. 229], any request to allow, amend or seek payment of any claim is time barred; and

2. No opposition was filed by Bank of America, Lakeland's predecessor, or Lakeland to entry of the Final Decree, nor did Bank of America nor Lakeland file any appeal, timely or otherwise, with respect to entry of the Final Decree; and

3. The Final Decree provided for the discharge of the Debtors pursuant to Section 1141(d)(5) of the Bankruptcy Code with respect to all debts other than a specific limited debt of City National Bank (the "Discharge"); and

4. As a result of the entry of the Final Decree and the Discharge of the Debtors, Lakeland is forever enjoined from instituting or continuing any action or employing any process or engaging in any act to collect, recover, or offset any debt or claim against the Debtors and any attempt by Lakeland to do shall be a violation of the Discharge granted in favor of the Debtors in the Final Decree.

**NOW THEREFORE, IT IS HEREBY ORDERED THAT:**

**ORDERED,** based upon the findings of the Court set forth above and for all of the reasons set forth on the record at the Hearing, the Motion is denied in its entirety; and it is further

**ORDERED,** that the above-referenced Chapter 11 Case shall be closed upon entry of this Order.

**SO ORDERED:**



**Dated: March 15, 2018**
**Poughkeepsie, New York**

/s/ Cecelia G. Morris
_____
**Hon. Cecelia G. Morris**
**Chief U.S. Bankruptcy Judge**

1383222v1